## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

HOWARD DELACRUZ-BANCROFT,

      Plaintiff,

v.                                        Case No. 1:23-CV-00023-KRS-KK

FIELD NATION, LLC; SPARTAN
COMPUTER SERVICES/NATIONAL
SERVICE CENTER; AND
JACK IN THE BOX INC.,

      Defendants.

## DEFENDANT FIELD NATION, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, Defendant Field Nation, LLC, by and through its counsel of record, Littler Mendelson, P.C. (Jay J. Athey and Shawn Oller), and hereby submits its Answer and Affirmative Defenses to Plaintiff's Complaint for Breach of Contract and Failure to Perform, Breach of Good Faith and Fair Dealing, Negligent and/or Intentional Misrepresentation, and Unfair Trade Practices ("Complaint"), as follows:

1.      Defendant admits the allegations in Paragraph 1 of Plaintiff's Complaint.

2.      Defendant admits that it is a foreign limited liability corporation.  Defendant is without knowledge as to the truth or falsity of the remainder of the allegations in Paragraph 2 and therefore denies same.

3.      Paragraph 3 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response from Defendant is required Defendant admits that

4889-4084-9225.2 / 089026-1021

venue is proper in this Court based on the recent removal.  Defendant is without knowledge as to the truth or falsity of the remainder of the allegations in Paragraph 3 and therefore denies same.

4.      Defendant incorporates its prior responses by reference as if fully set forth herein.

5.      Paragraph 5 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response from Defendant is required, Defendant is without knowledge as to the truth or falsity of the allegations in Paragraph 5 and therefore denies same.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

6.      Defendant incorporates its prior responses by reference as if fully set forth herein.

7.      Defendant is without knowledge as to the truth or falsity of the allegations in Paragraph 7 of Plaintiff's Complaint and therefore denies same.

8.      Defendant is without knowledge as to the truth or falsity of the allegations in Paragraph 8 of Plaintiff's Complaint and therefore denies same.

9.      Defendant is without knowledge as to the truth or falsity of the allegations in Paragraph 9 of Plaintiff's Complaint and therefore denies same.

10.     Defendant admits that Plaintiff's access to the Field Nation platform was discontinued on or around the time alleged in Paragraph 10 of Plaintiff's Complaint.  Defendant is without knowledge as to the truth or falsity of the remainder of the allegations in Paragraph 10 and therefore denies same.

11.     Defendant is without knowledge as to the truth or falsity of the allegations in Paragraph 11 of Plaintiff's Complaint and therefore denies same.

12.     Defendant is without knowledge as to the truth or falsity of the allegations in Paragraph 12 of Plaintiff's Complaint and therefore denies same.

4889-4084-9225.2 / 089026-1021

13.     Defendant is without knowledge as to the truth or falsity of the allegations in Paragraph 13 of Plaintiff's Complaint and therefore denies same.

14.     Defendant is without knowledge as to the truth or falsity of the allegations in Paragraph 14 of Plaintiff's Complaint and therefore denies same.

15.     Defendant is without knowledge as to the truth or falsity of the allegations in Paragraph 15 of Plaintiff's Complaint and therefore denies same.

16.     Defendant is without knowledge as to the truth or falsity of the allegations in Paragraph 16 of Plaintiff's Complaint and therefore denies same.

17.     Defendant is without knowledge as to the truth or falsity of the allegations in Paragraph 17 of Plaintiff's Complaint and therefore denies same.

18.     Defendant is without knowledge as to the truth or falsity of the allegations in Paragraph 18 of Plaintiff's Complaint and therefore denies same.

19.     Defendant is without knowledge as to the truth or falsity of the allegations in Paragraph 19 of Plaintiff's Complaint and therefore denies same.

20.     Defendant is without knowledge as to the truth or falsity of the allegations in Paragraph 20 of Plaintiff's Complaint and therefore denies same.

21.     Defendant is without knowledge as to the truth or falsity of the allegations in Paragraph 21 of Plaintiff's Complaint and therefore denies same.

22.     Defendant is without knowledge as to the truth or falsity of the allegations in Paragraph 22 of Plaintiff's Complaint and therefore denies same.

23.     Defendant is without knowledge as to the truth or falsity of the allegations in Paragraph 23 of Plaintiff's Complaint and therefore denies same.

4889-4084-9225.2 / 089026-1021

24.     Defendant is without knowledge as to the truth or falsity of the allegations in Paragraph 24 of Plaintiff's Complaint and therefore denies same.

25.     Defendant is without knowledge as to the truth or falsity of the allegations in Paragraph 25 of Plaintiff's Complaint and therefore denies same.

26.     Defendant admits Plaintiff violated Field Nation, LLC's prohibition on performing work for customers off-platform without written consent.   Defendant is without knowledge as to the truth or falsity of the remainder of the allegations in Paragraph 26 of Plaintiff's Complaint and therefore denies same.

27.     Defendant is without knowledge as to the truth or falsity of the allegations in Paragraph 27 of Plaintiff's Complaint and therefore denies same.

28.     Defendant is without knowledge as to the truth or falsity of the allegations in Paragraph 28 of Plaintiff's Complaint and therefore denies same.

29.     Defendant is without knowledge as to the truth or falsity of the allegations in Paragraph 29 of Plaintiff's Complaint and therefore denies same.

30.     With respect to Paragraph 30 in Plaintiff's Complaint, Defendant admits that it sent Plaintiff correspondence informing him of his discontinued access to the Field Nation, LLC platform.   Defendant is without knowledge as to whether Plaintiff received any such correspondence and therefore denies same.

31.     Defendant is without knowledge as to the truth or falsity of the allegations in Paragraph 31 of Plaintiff's Complaint and therefore denies same.

32.     Defendant denies the allegations in Paragraph 32 of Plaintiff's Complaint.

**COUNT 1: Breach of Contract, Failure to Perform**

33.     Defendant incorporates its prior responses by reference as if fully set forth herein.

34.     Paragraph 34 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response from Defendant is required Defendant admits that venue is proper in this Court based on the recent removal.  Defendant is without knowledge as to the truth or falsity of the remainder of the allegations in Paragraph 34 and therefore denies same.

35.     Paragraph 35 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response from Defendant is required, Defendant is without knowledge as to the truth or falsity of the allegations in Paragraph 35 and therefore denies same.

36.     Defendant denies the allegations in Paragraph 36 of Plaintiff's Complaint.

37.     Defendant denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38.     Defendant denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39.     Defendant denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40.     Defendant denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41.     Defendant denies the allegations in Paragraph 41 of Plaintiff's Complaint.

**COUNT 2: Breach of Good Faith and Fair Dealing**

42.     Defendant incorporates its prior responses by reference as if fully set forth herein.

43.     Defendant denies the allegations in Paragraph 43 of Plaintiff's Complaint.

44.     Defendant denies the allegations in Paragraph 44, improperly numbered 35, of Plaintiff's Complaint.

45.     Defendant denies the allegations in Paragraph 45, improperly numbered 36, of Plaintiff's Complaint.

4889-4084-9225.2 / 089026-1021

46.     Defendant denies the allegations in Paragraph 46, improperly numbered 37, of Plaintiff's Complaint.

47.     Defendant denies the allegations in Paragraph 47, improperly numbered 38, of Plaintiff's Complaint.

### COUNT 3: Negligent and/or Intentional Misrepresentation

48.     Defendant incorporates its prior responses by reference as if fully set forth herein.

49.     Defendant denies the allegations in Paragraph 49, improperly numbered 40, of Plaintiff's Complaint.

50.     Defendant denies the allegations in Paragraph 50, improperly numbered 41, of Plaintiff's Complaint.

51.     Defendant denies the allegations in Paragraph 51, improperly numbered 42, of Plaintiff's Complaint.

52.     Defendant denies the allegations in Paragraph 52, improperly numbered 43, of Plaintiff's Complaint.

### COUNT 4: Unfair Trade Practices

53.     Defendant incorporates its prior responses by reference as if fully set forth herein.

54.     Defendant denies the allegations in Paragraph 54, improperly numbered 45, of Plaintiff's Complaint.

55.     Defendant denies the allegations in Paragraph 55, improperly numbered 46, of Plaintiff's Complaint.

56.     Defendant denies the allegations in Paragraph 56, improperly numbered 47, of Plaintiff's Complaint.

4889-4084-9225.2 / 089026-1021

57.     Defendant denies the allegations in Paragraph 57, improperly numbered 48, of Plaintiff's Complaint.

58.     Defendant denies the allegations in Paragraph 58, improperly numbered 49, of Plaintiff's Complaint.

59.     Defendant denies the allegations in Paragraph 59, improperly numbered 50, of Plaintiff's Complaint.

60.     Defendant denies the allegations in Paragraph 60, improperly numbered 51, of Plaintiff's Complaint.

61.     Defendant denies the allegations in Paragraph 61, improperly numbered 52, of Plaintiff's Complaint.

62.     Defendant denies the allegations in Paragraph 62, improperly numbered 53, of Plaintiff's Complaint.

63.     Defendant denies the allegations in Paragraph 63, improperly numbered 54, of Plaintiff's Complaint.

64.     Defendant denies Plaintiff is entitled to any relief requested in the WHEREFORE paragraph of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff's Complaint, as applied to Field Nation, LLC, fails generally because it fails to allege specific acts, omissions, or duties owed on the part of Field Nation, LLC to support the specific causes of action raised.

2.      Plaintiff's Breach of Contract claim fails, as Plaintiff failed to identify any breach of a material term of an agreement between Plaintiff and Field Nation, LLC.

3.      Any alleged breach of contract was not material or did not impact the material terms of the alleged contract.

4.      Plaintiff's Breach of Contract claim fails because Plaintiff was an independent contractor and the Provider Terms and Conditions that provided access to the Field Nation, LLC platform were terminable without notice, at any time, and for any reason.

5.      Plaintiff's Breach of Contract claim fails because the actions of Field Nation, LLC, as alleged by Plaintiff, were justified under the circumstances and under the express terms of the Provider Terms and Conditions between Plaintiff and Field Nation, LLC.

6.      Plaintiff's implied covenant of good faith and fair dealing claim is an improper attempt to negate an express contractual term.  The allegations in this claim are inconsistent with the actual terms of the agreement at issue in this case.  As such, Plaintiff's claim fails as a matter of law.

7.      Plaintiff fails to sufficiently allege a negligent or intentional misrepresentation on the part of Field Nation, LLC to support his tortious claim for damages.

8.      Plaintiff fails to detail any alleged intentional misrepresentation with the requisite specificity to support his claim against Field Nation, LLC, including any heightened pleading requirement under Fed. R. Civ. P. 9(b).

9.      Any alleged damages caused by an alleged negligent act, omission, or representation were caused by Plaintiff, other parties, or non-parties and were not the fault of

4889-4084-9225.2 / 089026-1021

Field Nation, LLC.  Plaintiff's damages, if any, will be reduced proportionally by any fault on the part of Plaintiff or other parties or non-parties.

10.      Plaintiff lacks standing to assert a claim against Field Nation, LLC under the New Mexico Unfair Practices Act.

11.      Plaintiff's Unfair Trade Practices claim, as alleged against Field Nation, LLC, does not fit within the ambit of the New Mexico Unfair Practices Act, N.M.S.A. §§ 57-12-1, *et seq.*, in that Plaintiff fails to allege specifically violative conduct.

12.      Plaintiff's claims in this litigation are subject a valid and enforceable arbitration agreement.  As such, Plaintiff's institution of this litigation is improper, and the Court lacks jurisdiction to hear such claims or provide any of the relief requested in Plaintiff's Complaint.

13.      Plaintiff's maximum recoverable damages in this matter are $2,500, pursuant to the express terms of the Provider Terms and Conditions at issue in this case.

14.      Plaintiff fails to allege any conduct on the part of Field Nation, LLC that would be sufficient to warrant an award of punitive damages.  Plaintiff is not entitled to any award of exemplary or punitive damages because he has not alleged fraud, actual malice, or gross negligence sufficiently.  Defendant has not acted, knowingly or intentionally, with malice, in willful disregard for the law, with a wanton and willful disregard for or a reckless indifference to the rights of Plaintiff or engaged in any knowing conduct which may form the basis for exemplary or punitive damages.

15.      Plaintiff's claims for indirect, punitive, special, incidental, or consequential damages are barred by the Provider Terms and Conditions between Plaintiff and Field Nation, LLC.

4889-4084-9225.2 / 089026-1021

16.     Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

17.     Plaintiff may have failed to mitigate his damages, entitling Defendants to a proportional reduction in same.

18.     To the extent applicable, Plaintiff's claims are barred by the equitable doctrines of waiver, unclean hands, and laches.

19.     Any damages allegedly sustained by Plaintiff are the result of his own actions and/or omissions and were not actually or proximately caused by Defendant.

20.     Defendant reserves the right to add additional affirmative defenses as discovery in this matter progresses.

Respectfully submitted this 17th day of January, 2023.

LITTLER MENDELSON, P.C.

Jay J. Athey
JAthey@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM  87102
505.944.9693 (telephone)
505.213.0415 (facsimile)

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:602.474.3600
Facsimile: 602.957.1801

*Attorneys for Defendant Field Nation, LLC*

I hereby certify that, on this 17th day of January, 2023, I filed the foregoing using CM/ECF, which caused service by electronic means on Plaintiff and all counsel of record as follows:

Howard DeLaCruz-Bancroft, *Plaintiff Pro Se*
P.O. Box 1985
Albuquerque, NM 87192
Email: webglobix@gmail.com

Christopher R. Jones
Jaime L. Wiesenfeld
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth St., Suite 3400
Denver, CO 80202
Email: cjones@grsm.com
        jwiesenfeld@grsm.com
*Attorneys for Jack in the Box Inc.*

Andrew J. Simons
Alex G. Elborn
Post Office Box 1945
SUTIN, THAYER & BROWNE
Albuquerque, NM 87103-1945
Email: ajs@sutinfirm.com
        age@sutinfirm.com
*Attorneys for Defendants NewBold Corporation On behalf of its division, National Service Center*

Jay J. Athey

4889-4084-9225.2 / 089026-1021