# Amended Notice of Removal

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

HOWARD DELACRUZ-BANCROFT,

     Plaintiff,

v.                               Case No. 1:23-CV-00023-KRS-KK

FIELD NATION, LLC; SPARTAN
COMPUTER SERVICES/NATIONAL
SERVICE CENTER; AND
JACK IN THE BOX INC.,

     Defendants.

## AMENDED NOTICE OF REMOVAL OF CIVIL ACTION

**TO:   THE CLERK FOR THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO**

PLEASE TAKE NOTICE that Defendant Field Nation, LLC hereby removes the above-entitled action from the Second Judicial District Court, Bernalillo County, New Mexico, to the United States District Court for the District of New Mexico on the grounds that this action is one that may be removed to this Court by this Defendant pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Defendant Field Nation, LLC respectfully submits the following statement of grounds for removal on the basis of diversity jurisdiction.

1.     On November 14, 2022, Plaintiff filed an action for damages in the Second Judicial District, Bernalillo County, New Mexico, entitled *Howard Delacruz-Bancroft v. Field Nation, LLC, Spartan Computer Services/National Service Center aka SCS/NSC, and Jack In The Box Inc.*, Case No. D-202-CV-2022-06858. Plaintiff's Complaint alleges that Defendants allegedly interfered with his service provider contract with Field Nation, LLC, breached their

1

duties of good faith and fair dealing, made certain negligent or intentional misrepresentations, and violated the New Mexico Uniform Trade Practices Act.

2.      On December 8, 2022, Plaintiff served Defendant Field Nation, LLC with a summons and a copy of his Complaint for Breach of Contract and Failure to Perform, Breach of [Covenant of] Good Faith and Fair Dealing, Negligent and/or Intentional Misrepresentation, and Unfair Trade Practices.  Copies of all process, pleadings and orders served upon Defendants in the state court action are being filed with this Notice as required by 28 U.S.C. § 1446(a) and are attached hereto as **Exhibit 1**.

3.      This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 and removal jurisdiction under 28 U.S.C. § 1441(a) in that it is a civil action between citizens of different states and Plaintiff's allegations reflect that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4.      Plaintiff alleges he is a resident of Albuquerque, New Mexico.  *See* Pl.'s Compl. at 1, ¶ 1.  Defendant Field Nation, LLC is a foreign corporation doing business in New Mexico, incorporated in Minnesota with its principal place of business in Minnesota.  *Id.* at 1, ¶ 2. Plaintiff alleges that Co-Defendants Spartan Computer Services/National Service Center and Jack In The Box Inc. are foreign corporations as well.  *Id.*

5.      Accordingly, there is complete diversity of citizenship between the parties. Defendants Spartan Computer Service/National Service Center and Jack In The Box, Inc. do not oppose the removal of this matter.

6.      The amount in controversy in this matter is determined by considering the amount Plaintiff's allegations suggest he might lawfully recover.  *See Hammond v. Stamps.com, Inc.*,

844 F.3d 909, 911-12 (10th Cir. 2016).  Pursuant to the Supreme Court's decision in *Dart Cherokee*, this Notice need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" to pass muster.  *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

7.      Plaintiff's Complaint alleges that as a result of Defendants' alleged conduct, he has suffered damages in the approximate amount of $360,000.00 for lost income and revenue, attorneys' fees, and punitive damages.  *Id.* at 9, ¶ 37.  Each category of damages claimed by Plaintiff is included for purposes of calculating the amount in controversy.  *See Woodmen of the World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003) (punitive damages may be included in calculating the amount in controversy).

8.      The amount in controversy in this case exceeds the sum of $75,000 because the allegations in Plaintiff's complaint reflect that he could potentially recover much more than that amount, including punitive damages.  *See McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008) (defendant must only demonstrate jurisdictional facts that make it "possible" that the amount in controversy is satisfied).  Accordingly, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

9.      This action is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, and 1446 because it is pending in Bernalillo County, New Mexico, which lies within this District.  As such, Field Nation, LLC's Notice of Removal is timely and complete.  *See* 28 U.S.C. § 1446(a).

10.     A Notice to Adverse Party of Removal to Federal Court is being filed in state court and served simultaneously herewith, in accordance with 28 U.S.C. §1446(d), and a copy is attached hereto as **Exhibit 2**.

4884-3385-3768.2 / 089026-1021

11.     A Notice of Removal to Federal Court is being filed in state court and served simultaneously herewith, in accordance with 28 U.S.C. § 1446(d), and a copy is attached hereto as **Exhibit 3**.

Respectfully submitted this 20th day of January, 2023.

LITTLER MENDELSON, P.C.

Jay J. Athey
JAthey@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM  87102
505.944.9693 (telephone)
505.213.0415 (facsimile)

R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:602.474.3600
Facsimile: 602.957.1801

*Attorneys for Defendant Field Nation, LLC*

4

I hereby certify that, on this 20th day of January, 2023, I filed the foregoing using CM/ECF, which caused service by electronic means on Plaintiff and all counsel of record as follows:

Howard DeLaCruz-Bancroft, *Plaintiff Pro Se*
P.O. Box 1985
Albuquerque, NM 87192
Email: webglobix@gmail.com

Christopher R. Jones
Jaime L. Wiesenfeld
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth St., Suite 3400
Denver, CO 80202
Email: cjones@grsm.com
        jwiesenfeld@grsm.com
*Attorneys for Jack in the Box Inc.*

Andrew J. Simons
Alex G. Elborn
Post Office Box 1945
SUTIN, THAYER & BROWNE
Albuquerque, NM 87103-1945
Email: ajs@sutinfirm.com
        age@sutinfirm.com
*Attorneys for Defendants NewBold*
*Corporation On behalf of its division,*
*National Service Center*

Jay J. Athey

4884-3385-3768.2 / 089026-1021

# EXHIBIT 1

Skip to Main Content Logout My Account Search Menu Search Refine Search  Back                    Location : All Courts   Images

# REGISTER OF ACTIONS
## CASE NO. D-202-CV-2022-06858

| Howard Delacruz-Bancroft v. Field Nation LLC, et al. | § | Case Type: | **Tort** |
|---|---|---|---|
| | § | Date Filed: | **11/14/2022** |
| | § | Location: | |
| | § | Judicial Officer: | **Ortega, Lisa Chavez** |
| | § | | |
| | § | | |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | **Field Nation LLC** | |
| | | |
| Defendant | **Jack in the Box Inc** | **Christopher Ryan Jones** |
| | | *Retained* |
| | | 303-200-6893(W) |
| | | |
| | | **Jaime L. Wiesenfeld** |
| | | *Retained* |
| | | 505-660-6820(W) |
| | | |
| Defendant | **Spartan Computer Services/ National Service Center** *Also Known As* **SCS/NSC** | |
| | | |
| Plaintiff | **Delacruz-Bancroft, Howard** | **Pro Se** |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| 11/14/2022 | **Cause Of Actions** | Misrepresentation, Fraud | | |
|---|---|---|---|---|
| | Filed By: | Delacruz-Bancroft, Howard | | |
| | Filed Against: | Field Nation LLC, Jack in the Box Inc, Spartan Computer Services/ National Service Center | | |
| | Action Type | Action | | |
| 11/14/2022 | **Cause Of Actions** | Breach of Contract | | |
| | Action Type | Action | | |
| 11/14/2022 | **Cause Of Actions** | Trade Practices Act | | |
| | Action Type | Action | | |
| 11/14/2022 | **Cause Of Actions** | Bad Faith | | |
| | Action Type | Action | | |
| 11/14/2022 | **OPN: COMPLAINT** | | | |
| 11/14/2022 | **Summons** | | | |
| | Field Nation LLC | Served | 11/14/2022 | |
| | | Response Due | 12/14/2022 | |
| | | Returned | 11/14/2022 | |
| | Spartan Computer Services | Served | 11/14/2022 | |
| | | Response Due | 12/14/2022 | |
| | | Returned | 11/14/2022 | |
| | Jack in the Box Inc | Served | 11/14/2022 | |
| | | Response Due | 12/14/2022 | |
| | | Returned | 11/14/2022 | |
| 11/14/2022 | **SUMMONS RETURN** | | | |
| 11/14/2022 | **SUMMONS RETURN** | | | |
| 11/14/2022 | **SUMMONS RETURN** | | | |
| 12/14/2022 | **MTN: TO DISMISS** | | | |
| | *Defendant Newbold Corporation's Motion to Dismiss the Complaint (Newbold Corporation)* | | | |
| 12/20/2022 | **MTN: TO DISMISS** | | | |
| | *Jack in the Box Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim* | | | |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| **Plaintiff** Delacruz-Bancroft, Howard | | | | |
| Total Financial Assessment | | | | 132.00 |
| Total Payments and Credits | | | | 132.00 |
| **Balance Due as of 01/06/2023** | | | | **0.00** |
| | | | | |
| 11/14/2022 | Transaction Assessment | | | 132.00 |
| 11/14/2022 | Counter Payment | Receipt # ALBD-2022-23181 | Delacruz-Bancroft, Howard | (132.00) |

**FILED**
**2ND JUDICIAL DISTRICT COURT**
**Bernalillo County**
**11/14/2022 3:40 PM**
**CLERK OF THE COURT**
**Alyssa Garza**

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

HOWARD DELACRUZ-BANCROFT,

      **Plaintiff,**

SUMMONS ISSUED

v.

Case No.: **CV 2022 0 6 8 5 8**

FIELD NATION LLC, SPARTAN COMPUTER SERVICES / NATIONAL SERVICE
CENTER AKA SCS/NSC, JACK IN THE BOX INC.,

      **Defendant(s).**

## COMPLAINT FOR BREACH OF CONTRACT AND FAILURE TO PERFORM, BREACH OF GOOD FAITH AND FAIR DEALING, NEGLIGENT AND/OR INTENTIONAL MISREPRESENTATION, AND UNFAIR TRADE PRACTICES

### JURISDICTION

COMES NOW, Plaintiff In Propria Persona/Pro Se, and for his Complaint against

Defendants, states as follows:

1. Plaintiff at all material times hereto was and is a resident of the City of Albuquerque, County

   of Bernalillo, State of New Mexico.

2. Plaintiff upon information and belief pursues legal remedy and relief against foreign

   corporations committed by actors of those corporations who may or may not remain

   employees but regardless acted upon the interests of the corporations for which they were

   employed at the time.

3. Jurisdiction and Venue are proper in Bernalillo County, State of New Mexico pursuant to

   NMSA 38-3-1, Subsection F: relates to foreign corporations and since there are multiple

   corporation with offices in various states it would not be possible for any of these foreign

1

corporations to assert another proper Venue, Forum and Jurisdiction suitable other than where the Plaintiff resides. See Subsection F of NMSA 38-3-1 as it applies in this cause of action ... *in the county where the contract sued on was made or is to be performed or where the cause of action originated or indebtedness sued ...*

A search of the New Mexico Secretary of State's corporation search reveals no registered agents for any of the Defendant's corporations.

4. Plaintiff alleges and incorporates the foregoing allegations compliant and fully set forth herein, pursuant pursuant to Rule 1-010(C)NMRA.

5. NMSA 37-1-1 Article 1: Limitations of Actions, provides for cause of actions related to Breach of Contract are four (4) years for oral contracts and six (6) years for written contracts.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6. Plaintiff re-alleges and incorporates the foregoing allegations compliant and fully set forth herein, pursuant pursuant to Rule 1-010(C)NMRA

7. This action arises out of circumstances surrounding the Jack In the Box Corporation's unwillingness to support a franchisee, Dancel LLC, a corporation operating in New Mexico who requested technical support for JIB1268, the Jack In the Box located at 301 98th St NW, Albuquerque, NM 87121.

8. The store was down hard and unable to provide POS (Point of Sale) services to customers.

9. I was contacted by Laura Olguin, franchise owner for the Dancel LLC franchise. She stated they were unable to obtain adequate IT (Information Technology) support services from Spartan Computer Services (SCS) / National Services Center (NSC) aka SCS/NSC or Jack

2

In the Box Corporate and were without any resources for IT assistance.

10. Access to the Field Nation work access IT portal for the Plaintiff was turned off as of 11/14/18 at 13:54 meaning that no more IT jobs would be available to Plaintiff because of actions by SCS/NSC, Jack in the Box Corporate and Field Nation.

11. Field Nation did not respond to Plaintiff's request for reconsideration and statements that SCS/NSC had allowed and used Plaintiff on previous occasions with their knowledge away from and off the Field Nation portal to work with the Dancel franchise because of OCS (order confirmation screen) and security surveillance hardware and software jobs that were not within the scope of work of SCS/NSC.

12. On or about 11/11/18 the Dancel Franchise was desperate to receive technical assistance because their 98th Street Jack In The Box Albuquerque location aka JIB1268 was "down hard" meaning they were unable to use their POS (point of sale) system and it was not functioning properly.

13. They were unable to accept credit/debit cards for transactions and only accept cash which severly limited their ability to service customers and caused anger among those customers who were being turned away because they were unable to make purchases.

14. JIB1268 was also unable to send orders to their KDS (kitchen display system) for use by employees in preparing the food. This caused additional confusion in an already chaotic situation.

15. At that time their backup system appeared to be defective also and orders needed to be processed manually and hand written. This meant "cash only" orders could only be accepted

3

and the record for those sales and they would have to be manually entered into the POS system later. This would be very time consuming additional process was arduous, labor intensive and was not always accurate because it relied on staff who were not proficient in a "abnormal" process.

16. During this time the location would loose thousands of dollars a day in not only potential revenue but additional costs later to input the data into the POS system.

17. I was called by the District Manager, Jorge Hernandez to please reach out to SCS/NSC who provided the IT support for both their hardware and some software issues.

18. I made several calls to SCS/NSC on or about 11/11/18 and emails regarding the "hard down" situation at JIB1268 that were futile, meaning I was given the "run around" promises for people to call back but the calls were never returned and no reason was given why SCS/NSC and RTS (Remote Telephone Support) located in the Philipines and JIB (Jack in the Box) Corporate located in San Diego were unresponsive.

19. I later learned that the Dancel franchise was listed as "out of compliance" and their maintenance service contract had not been renewed. The manner in which the Dancel franchise was treated by both SCS/NSC & JIB corporate appeared to be vindictive and to punish them for not paying on-time.

20. I have no knowledge if this had happened before or occured on multiple occassions and this could be a possible justification by SCS/NSC & JIB corporate to teach the Dancel franchise a lesson in compliance and the reason for their being unresponsive.

21. Before this my relationship with SCS/NSC was as the preferred vendor for any IT service calls in the greater Albuquerque metro area for this Dancel franchise, and also other customers throughout the New Mexico area.

22. I was personally requested by the Dancel franchise to service their IT needs having been shown to be prompt, responsive and competent in resolving their IT issues and problems during the previous years.

23. I pressed (multiple calls/emails) to SCS/NSC and JIB corporate to assist the Dancel franchise because JIB1268 needed new hard drives with installed images and data recovery for both the POS and BOH (back of house) systems.

24. I did not realize that my pressing both SCS/NSC & JIB corporate would have the effect of making them look bad by bringing attention to their unresponsiveness which looked liked vindictiveness and punishment of the Dancel franchise.

25. I learned later that SCS/NSC & Jack in the Box corporate acted  as if it was the sole fault of the Dancel franchise to suffer because they didn't pay their maintenance contract "on-time" and therefore deserving of such ill treatment.

26. As a result I was told by an SCS/NSC employee that I was going to be "ratted out" by another SCS/NSC employee to Field Nation (the work platform) and Jack in the Box corporate headquaters that I had violated Field Nation's agreement to not work off the platform.

27. This happened in spite of the fact that I had worked with SCS/NSC off and separate from the

Field Nation platform at the request of SCS/NSC for many years prior because SCS/NSC didn't service OCS (order confirmation screens) for the drive-thru's and any video surveillance systems for that franchise so I was requested to work directly with the franchise for these issues as seen and as I explained in my email to Mike Russel of JIB Corporate on 11/14/18.

28. These actions were likely taken by Steve Faucette aka John Faucette and Steve Burge at SCS/NSC and Mike Russel of JIB Corporate as witnessed by emails and phone calls from SCS/NSC and JIB corporate during this same time frame of 11/14/18.

29. It appears that Steve Faucette aka John Faucette, Stevens Burge and Mike Russel consipired and colluded to act in a malicious, vindictive, abusive, retaliatory fashion by contacting Field Nation as seen in emails and witnessed in telophone calls, so I would be permanently banned from the work platform and thereby denying me any future possibilities from work not only from SCS/NSC and JIB but all the other vendors that used the Field Nation platform to send me work orders and this has continued to cause me significant financial loss during these years and many more to come.

30. I received an email from Field Nation on 11/14/18 informing me that I would be banned permanently from their work platform.

31. Although, the email states that I would be given an opportunity to explain my situation I found this process was futile as Field Nation did not consider or respond to my explanation that SCS/NSC was the one who initiated work off the platform.

6

32. My explanation did not appear to be satisfactory for reinstatement and Field Nation was unresponsive and denied me any appeal process and in fact appears to have colluded with both SCS/NSC and JIB corporate to deny me any future work possibilities.

**COUNT 1: Breach of Contract, Failure to Perform**

33. Plaintiff reasserts and incorporates the foregoing allegations compliant and fully set forth herein, pursuant pursuant to Rule 1-010(C)NMRA regarding COUNT 1.

34. Plaintiff reasserts Jurisdiction and Venue are proper in Bernalillo County, State of New Mexico pursuant to NMSA 38-3-1.

35. Under NMRA 13-822, breach of contract occurs when there is a failure to perform a contractual obligation when that performance is called for or when announcing ahead of time that he or she will not perform a contractual obligation when the time for that peformance comes due.

36. Defendants did not fulfil their oblighations under agreement with Plaintiff.

37. Defendants had a legal responsibility to respond to the Plaintiff's explanations and claims for justification for having done work separately from the Field Nation work portal.

38. Defendants had a legal obligation to consider, respond and reinstate the Plaintiff to regular work status.

39. Defendants had a legal obligation to treat the Plaintiff with respect, professionalism and to take into consideration the many years of compentent, faithful service exhibited by the

7

Plaintiff and his ongoing working relations with the Dancel franchise.

40. Defendants had a legal obligation to avoid not only any appearance of impropriety but understand their actions to collude, conspire and deprive the Plaintiff of any ongoing financial dealings with each of them separately and collectively was tantamount to conspiracy and collusion.

41. Defendants have therefore committed a breach of contract.

## COUNT 2: Breach of Good Faith and Fair Dealing

42. Plaintiff re-alleges and incorporates the foregoing allegations as though they were fully set forth herein, pursuant to Rule 1-010(C)NMRA.

43. Defendants' failure to perform on their agreement with Plaintiff breached their duty of good faith and fair dealing to Plaintiff in the following manners, but not specifically limited to:

   a. Failing to competently perform on the agreement with the Plaintiff,

   b. Failing to compently remedy deficiencies in performing on the agreement with Plaintiff, once those deficiencies were apparent and all the deficiencies were reasonably apparent to Defendant's.

   c. Engaging in unprofessional, abusive conduct designed to intimidate Plaintiff into acquiescing to Defendants' coercive bad faith efforts to remove and stop the Plaintiff from working with the Dancel franchise and on the Field Nation work platform. Thereby unfairly, depriving him and his family of the benefits of just revenue and income gained

by honest work and effort.

d. Other conduct that, taken as the aggregate constitutes grounds for such claims.

35. These implied duties/terms were conditions for the contractual relationship between Plaintiff and Defendants and, upon information and belief, were breached by Defendants or its agents that has not yet been determined to its full extent, but which include these proceedings, compensatory damages and costs associated with both this suit and other economic damages.

36. Defendants and its agents had duties to forbear from the herein listed acts or omissions, and breached their duties to Plaintiff, and thereby caused him damages.

37. Defendants breach of their duties was the proximate cause of Plaintiff's damages in an exact amount to be proven at trial but have been estimated to be somewhere in the neighborhood of $360,000.00 for lost income and revenue not to include attorney's fees, related legal fees and other possible punitive damages.

38. The aforesaid action of Defendants were willful, wanton, malicious, reckless and grossly negligent so as to warrant an additional award of punitive damages as punishment and to deter others from committee like offenses.

**COUNT 3: Negligent and/or Intential Misrepresentation**

39. Plaintiff re-alleges and incorporates the foregoing allegations as though they were fully set forth herein, pursuant to Rule 1-010(C)NMRA.

40. Defendants made false and misleading representations of fact about the Plaintiff, which were intended to be received by others, agents or between the Defendants so as to cause undue hardship upon the Plaintiff and also cause others, agents and among the Defendants to act in a willful, wanton, malicious, reckless and grossly vindictive and purposeful negligent manner to the detriment of the Plaintiff and his ability to conduct business as usual.

41. Defendants should reasonably have foreseen that Plaintiff would be harmed by the incorrect and misleading information as provided, disseminated, and distributed among each others and to other persons, agents or third parties.

42. Further, or in the alternative, Defendants knowingly or recklessly made false representations of fact and/or omissions of fact to and about the Plaintiff with the intent to induce reliance and act upon those misrepresentations to cause Plaintiff to be permently banned from the Field Nation work platform, subsequent work from Dancel Franchise for previously supported IT work and other Jack in the Box restaurants.

43. As a results of Defendants' misrepresentations, Plaintiff sustained damages in an amount to be determined at trial but somewhere in the neighborhood of approximately $360,000.00 or $120,000.00 per Defendant for the four years of lost income as can be supported by proper and appropriate documentation. This does not include attorney's fees, related costs and possible punitive damages to be determined at trial.

### COUNT 4: Unfair Trade Practices

44. Plaintiff re-alleges and incorporates the foregoing allegations as though they were fully set

forth herein, pursuant to Rule 1-010(C)NMRA.

45. At all times pertinent to this matter, Defendants communicated facts and made representations to the Plaintiff and other third parties, agents and between Defendants.

46. One or more of these representations were made in connection with the delivery of services and goods. One of more of these representations were false representations when made, implied rights, duties, or obligations that did not exists, and these statements were willfully made and were intended to cause harm, injury and damage to the Plaintiff and others as a direct result of the Defendants actions. Alternatively, these statements were false when made, were material, and were of the sort reasonably relied upon by third parties, agents or this Court.

47. Plaintiff did, in fact, rely upon these false statements in connection with the decision to believe that such actions by Defendants were legal beyond the scope of any lawful remedy.

48. However, after being provided proper legal counsel the Plaintiff now understands the actions of the Defendant's were in fact unlawful and this being the reason for the delay in seeking this cause of action and relief from this Court.

49. Plaintiff has a better understanding of the facts and extent of the Defendant's actions being made clear and apparent as negligent, unlawful, malicious, abusive, and mutiple violations of fair trade practices.

50. In receiving these statements, and acting in reliance thereupon, Plaintiff suffered damages and the Defendants conduct violated the Unfair Trade Practices Act in one or more ways

11

NMSA 57-12-2 and 3.

51. As a direct and proximate result of Defendants conduct, Plaintiff suffered damages.

52. Plaintiff is informed and believes, and upon such information and belief, alleges that the actions of the Defendants as alleged herein were not due to inadvertence or excusable neglect, but rather were a willful and intentional scheme by the Defendants to harm Plaintiff such as to constitute malice, oppression, or fraud, thereby entitling Plaintiff to treble  or punitive damages sufficient in the amount to punish or set and example to the Defendants.

53. Plaintiff is further informed and believes, and upon such information and belief alleges, that he is entitled to recover attorney's fees and related legal costs incurred to date and in connection with this matter for violations of the Unfair Trade Practices Act.

54. These attorney's fees and legal costs to prepare and pursue this matter are not requested as damages, but as ancillary relief, allowed only upon the determination of the trier of fact that Plaintiff does, in fact, prevail on the underlying claim for violation of the Trade Practices Act.

WHEREFORE, Plaintiff is entitled to judgment in the amount of their actual damages as follows:

A. For compensatory damages in an amount to be proved at trial but starting in the neighborhood of $360,000.00 which is $120,000.00 per defendant for the four year period since 11/14/18 or $30,000.00 per year per Defendant which is the approximate loss of income, and revenue experienced by the Plaintiff.

B.  Damages, fees and costs allowable by statute, rule or other law.

C.  For pre-and-post-judgment interest on damages as permitted by law.

D.  For legal fees and related costs incurred and associated with this suit.

E.  For treble damages, and

F.  All other damages to which Plaintiff is entitled.

G.  For such other and further relief as the Court may deem just and proper.

Respectfully submitted

By: _____

Howard DeLaCruz-Bancroft,
P.O. Box 1985
Albuquerque, NM 87192
(505) 489-5403

I, Howard DeLaCruz-Bancroft, Plaintiff, do hereby certify that on November 14th, 2022, a true and accurate copy of the foregoing pleading was mailed to the following Defendants:

Field Nation LLC, registered agent: 733 Marquette Avenue S, #800, Minneapolis, MN 55402, with principal address being 310 4th Ave S #8100, Minneapolis, MN 55415; 877-573-4353

Jack in the Box Inc., listed as the registered agent: in care of Corporation Service Company in Delaware. Corporation Service Company, 251 Little Falls Drive, Wilmington DE 302-636-5401

Spartan Computer Services/National Service Center aka SCS/NSC care of: NewBold Corporation & Stonewood Capital Management Inc. 450 Weaver Street, Rocky Mount, VA 24151 (540) 489-2319

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
11/14/2022 4:24 PM
CLERK OF THE COURT
Alyssa Garza

**4-206. Summons.**

[For use with District Court Civil Rule 1-004 NMRA]

<table>
<tr><td colspan="2" style="text-align:center"><strong>SUMMONS</strong></td></tr>
<tr><td>District Court: <em>Second Judicial District Court</em> <em>Bernalillo</em> County, New Mexico<br>Court Address: <em>400 Lomas Blvd NW</em> <em>Albuquerque, NM 87102</em><br>Court Telephone Number.:</td><td>Case Number: <strong>CV 2022 0 6 8 5 8</strong><br><br>Judge: <strong>LISA CHAVEZ ORTEGA</strong></td></tr>
<tr><td>Plaintiff(s): <em>Howard DeGraw-Bancroft</em><br>v.<br>Defendant(s): <em>Field Nation LLC</em></td><td>Defendant <em>Field Nation LLC</em><br>Name: <em>Mynul Khan</em><br>Address: <em>733 Marquette Ave S. Minneapolis, MN 55415</em></td></tr>
</table>

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

     1.     A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

     2.     You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

     3.     You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

     4.     If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

     5.     You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

     6.     If you need an interpreter, you must ask for one in writing.

     7.     You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

     Dated at: _____, New Mexico, this _14th_ day of _November_ 20_22_.

**KATINA WATSON**
CLERK OF COURT

By _____
     Deputy

_____
Attorney for Plaintiff or
Plaintiff pro se

*Fred Nadian LLC*

Name: *Howard DelaCruz Boncroft T*
Address: *PO Box 11985 Albuquerque NM 37142*
Telephone No.: *505-489-5403*
Fax No.:
Email Address: *connectron@gmail.com*

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN[1]

STATE OF NEW MEXICO )
                                              )ss
COUNTY OF *Bernolillo* )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to
this lawsuit, and that I served this summons in *Bernolillo* county on the *14th* day of
*November*, *2022*, by delivering a copy of this summons, with a copy of complaint
attached, in the following manner:

*(check one box and fill in appropriate blanks)*

[ ]   to the defendant _____ (*used when defendant accepts a copy of
summons and complaint or refuses to accept the summons and complaint*)

[X]   to the defendant by [mail][courier service] as provided by Rule 1-004 NMRA (*used
when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by
mail or commercial courier service, by delivering a copy of this summons, with a copy of
complaint attached, in the following manner:

[ ]   to _____, a person over fifteen (15) years of age and residing at
the usual place of abode of defendant _____, (*used when the defendant is not
presently at place of abode*) and by mailing by first class mail to the defendant at
_____ (*insert defendant's last known mailing address*) a copy of the summons
and complaint.

[ ]   to _____, the person apparently in charge at the actual place of
business or employment of the defendant and by mailing by first class mail to the defendant at
_____ (*insert defendant's business address*) and by mailing the summons
and complaint by first class mail to the defendant at _____ (*insert defendant's
last known mailing address*).

[ ]   to _____, an agent authorized to receive service of process for

defendant _____.

[ ]     to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ *(used when defendant is a minor or an incompetent person).*

[ ]     to _____ *(name of person),* _____, *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).*

Fees: _____

_____

Signature of person making service

_____

Title *(if any)*

Subscribed and sworn to before me this __14th__ day of __November__, __2022__.[2]

_____

Judge, notary or other officer authorized to administer oaths

_____

Official title

```
STATE OF NEW MEXICO
NOTARY PUBLIC
KRISTIN BENNETT
COMMISSION #1090993
COMMISSION EXPIRES 01/25/2024
```

## USE NOTE

    1.      Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

    2.      If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013; as amended by Supreme Court Order No. 13-8300-022, effective for all cases pending or filed on or after December 31, 2013; as amended by Supreme Court Order No. 14-8300-017, effective for all cases pending or filed on or after December 31, 2014.]

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
11/14/2022 4:24 PM
CLERK OF THE COURT
Alyssa Garza

**4-206. Summons.**

[For use with District Court Civil Rule 1-004 NMRA]

| | |
|---|---|
| **SUMMONS** | |
| District Court: *Second Judicial District Court* *Bernatillo* County, New Mexico<br>Court Address: *400 Lomas Blvd NW* *Albuquerque NM 87102*<br>Court Telephone Number: *505-841-7421* | Case Number: **CV 2022 0 6 8 5 8**<br><br>**LISA CHAVEZ ORTEGA**<br>Judge: |
| Plaintiff(s): *Howard DelaGeut-Bancroft*<br>v.<br>Defendant(s): *Jack In the Box Inc* | Defendant ☒ *Jack In the Box Inc*<br>Name: *Mike Rowsey*<br>Address: *2512 the Falls Dr Wilmington DE* *19808* |

**TO THE ABOVE NAMED DEFENDANT(S): Take notice that**

1.  A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.  You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3.  You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.  If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.  You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.  If you need an interpreter, you must ask for one in writing.

7.  You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

Dated at _____, New Mexico, this *14th* day of *November*, 20 *22*.

NOV 1 4 2022  KATINA WATSON
CLERK OF COURT

By: _____
Deputy

Attorney for Plaintiff or
Plaintiff pro se

*Jack Jorothy Box*
*Bill Russel*

Name: *Howard DeHaven Bancroft*
Address: *P.O. Box 11985, Albuquerque, NM 87192*
Telephone No.: *505-489-5403*
Fax No.:
Email Address: *convertrix@gmail.com*

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

### RETURN[1]

STATE OF NEW MEXICO      )
                                )ss
COUNTY OF *Bernalillo*     )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in *Bernalillo* county on the *19th* day of *November*, *2022*, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

*(check one box and fill in appropriate blanks)*

[ ] to the defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

[✗] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service).*

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address).*

[ ] to _____, an agent authorized to receive service of process for

defendant _____.

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ *(used when defendant is a minor or an incompetent person).*

[ ]    to _____ *(name of person),* _____, *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).*

Fees: _____

_____
Signature of person making service

_____
Title *(if any)*

Subscribed and sworn to before me this 14th day of November, 2022.

_____
Judge, notary or other officer
authorized to administer oaths

Notary Public
Official title

STATE OF NEW MEXICO
NOTARY PUBLIC
KRISTIN BENNETT
COMMISSION #1090993
COMMISSION EXPIRES 01/25/2024

STATE OF NEW MEXICO
NOTARY PUBLIC
KRISTIN BENNETT
COMMISSION #1090993
COMMISSION EXPIRES 01/25/2024

USE NOTE

1.     Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.     If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013; as amended by Supreme Court Order No. 13-8300-022, effective for all cases pending or filed on or after December 31, 2013; as amended by Supreme Court Order No. 14-8300-017, effective for all cases pending or filed on or after December 31, 2014.]

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
11/14/2022 4:24 PM
CLERK OF THE COURT
Alyssa Garza

**4-206. Summons.**

[For use with District Court Civil Rule 1-004 NMRA]

<table>
<tr><td colspan="2" align="center"><strong>SUMMONS</strong></td></tr>
<tr>
<td>District Court: <em>Sun Jsicial District Court</em><br><em>Bernalillo</em> County, New Mexico<br>Court Address: <em>400 Lomas BVD NW</em><br><em>Aterguergy, NM 87102</em><br>Court Telephone Number: <em>505-841-7421</em></td>
<td>Case Number: <strong>CV 2022 0 6858</strong><br><br>Judge: <strong>LISA CHAVEZ ORTEGA</strong></td>
</tr>
<tr>
<td>Plaintiff(s): <em>Howard DeLaCruz-Bancroft</em><br><em>SCS/ASC AKA</em><br>v.<br><em>Sandia Computer Services</em><br>Defendant(s): <em>National Service Center</em></td>
<td>Defendant <em>Sandia Computer Services</em> <em>National Service Center</em><br>Name: <em>John Faucette & Steven Derage</em><br>Address: <em>450 Weaver St. Rocky mount NA 2#15-1</em></td>
</tr>
</table>

### TO THE ABOVE NAMED DEFENDANT(S): Take notice that

1.      A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.      You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3.      You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.      You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.      If you need an interpreter, you must ask for one in writing.

7.      You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

Dated at _____, New Mexico, this _14th_ day of _November_ 20_22_

**KATINA WATSON**
CLERK OF COURT

By: _____
        Deputy

_____
Attorney for Plaintiff or
Plaintiff pro se

*Sparton Computer Services*
*National Service Center*
*AKA SCS/NSC*
*Nevada Corp*
*Stonemoon Capital Mgmt*

Name: *Howard DelaCruz Bancroft*
Address: *PO Box 11595 Albuquerque NM 87192*
Telephone No.: *505-485-5403*
Fax No.:
Email Address: *bonvetix@gmail.com*

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN[1]

STATE OF NEW MEXICO )
                                            )ss
COUNTY OF *Bernalillo* )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to
this lawsuit, and that I served this summons in *Bernalillo* county on the *14th* day of
*November*, *2022*, by delivering a copy of this summons, with a copy of complaint
attached, in the following manner:

*(check one box and fill in appropriate blanks)*

[ ] to the defendant _____ *(used when defendant accepts a copy of
summons and complaint or refuses to accept the summons and complaint)*

[X] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used
when service is by mail or commercial courier service).*

After attempting to serve the summons and complaint on the defendant by personal service or by
mail or commercial courier service, by delivering a copy of this summons, with a copy of
complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at
the usual place of abode of defendant _____, *(used when the defendant is not
presently at place of abode)* and by mailing by first class mail to the defendant at
_____ *(insert defendant's last known mailing address)* a copy of the summons
and complaint.

[ ] to _____, the person apparently in charge at the actual place of
business or employment of the defendant and by mailing by first class mail to the defendant at
_____ *(insert defendant's business address)* and by mailing the summons
and complaint by first class mail to the defendant at _____ *(insert defendant's
last known mailing address).*

[ ] to _____, an agent authorized to receive service of process for

defendant _____.

[ ]   to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]   to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this 14th day of November, 2022.[2]

_____
Judge, notary or other officer
authorized to administer oaths

Notary Public
_____
Official title

> STATE OF NEW MEXICO
> NOTARY PUBLIC
> KRISTIN BENNETT
> COMMISSION #1090993
> COMMISSION EXPIRES 01/25/2024

## USE NOTE

1.      Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.      If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013; as amended by Supreme Court Order No. 13-8300-022, effective for all cases pending or filed on or after December 31, 2013; as amended by Supreme Court Order No. 14-8300-017, effective for all cases pending or filed on or after December 31, 2014.]

**FILED**
**2ND JUDICIAL DISTRICT COURT**
**Bernalillo County**
**12/14/2022 11:25 AM**
**CLERK OF THE COURT**
**Gena Lopez**

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

HOWARD DELACRUZ-BANCROFT,     )
                            )
      Plaintiff,             )     Case No. D-202-CV-2022-06858
                            )
v.                      )
                            )     Judge Lisa Chavez Ortega
FIELD NATION LLC, SPARTAN COMPUTER  )
SERVICES/NATIONAL SERVICE CENTER    )
AKA SCS/NSC, JACK IN THE BOX INC.,    )
                            )
      Defendants.          )

## DEFENDANT NEWBOLD CORPORATION'S MOTION TO DISMISS THE COMPLAINT

Pursuant to Rule 1-012(B)(6) NMRA, Defendant NewBold Corporation, on behalf of its division National Service Center ("NSC"), moves to dismiss Plaintiff Howard Delacruz-Bancroft's Complaint for failure to state a claim upon which relief may be granted.  According to the Complaint, Plaintiff's claims arise from services he intended to provide to a restaurant to restore certain point of sale computer functions.  Plaintiff alleges his access to a third-party's computer platform was terminated preventing him from offering those services, but he fails to allege any contractual obligation or legal duty that NSC owed to him.  Because his Complaint fails to allege that he had a contract specifically with NSC, fails to allege the terms of such contract, and fails to allege facts that give rise to a legal duty that NSC owed to him, the Complaint must be dismissed for failure to state a claim.

## MEMORANDUM IN SUPPORT

### I.    Introduction

On November 14, 2022, Plaintiff, proceeding *pro se,* filed suit against NSC, Field Nation LLC, Spartan Computer Services, and Jack In the Box Inc. (collectively, the "Defendants").

Plaintiff asserts four claims against all Defendants: breach of contract, breach of good faith and fair dealing, negligent and/or intentional misrepresentation, and unfair trade practices.

Plaintiff's Complaint recounts events surrounding technology issues that occurred at Jack in the Box Restaurant #1268 on or about November 14, 2018. Complaint ¶¶ 7–31. However, the Complaint fails to allege the terms of any contract or agreement that Plaintiff had directly with NSC and fails to identify any misrepresentation that NSC made to Plaintiff. In the absence of allegations of fact that specifically support claims against NSC, the Complaint fails to state claims for which relief can be granted. It fails to even meet the notice pleading standard in Rule 1-008 NMRA. Plaintiff's claims against NSC should be dismissed pursuant to Rule 1-012(B)(6) NMRA.

## II.      Standard of Review

A court should grant a motion to dismiss where a party failed to state a legal claim based on the facts alleged. "A motion to dismiss for failure to state a claim under Rule 1-012(B)(6) tests the legal sufficiency of the complaint" and "dismissal is proper when the law does not support the claim under any set of facts subject to proof." *Wallis v. Smith*, 2001-NMCA-017, ¶ 6, 130 N.M. 214, 22 P.3d 682. Rule 1-008(A)(2) provides the minimum standards for pleading, requiring "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"

## III.     Plaintiff Fails to Allege a Contract with NSC or a Breach of That Contract.

In order to prove breach of contract under New Mexico law, a plaintiff will be required to prove: (1) the existence of a contract between the parties; (2) the breach of such contract; and (3) such breach caused damages. *See Young v. Hartford Cas. Ins. Co.*, 503 F. Supp. 3d 1125, 1179 (D.N.M. 2020).

Plaintiff pleads only bare legal conclusions that Defendants collectively breached a contract with him. Plaintiff did not attach a copy of any written contract to the Complaint, did not

specify whether the agreement was oral or written, and did not identify the specific parties or the specific terms of the contract or the date thereof.  Plaintiff fails to identify an agreement or contract specifically with NSC, the terms thereof, the date thereof, or the actions of NSC that constituted a breach or caused him damages.  While Plaintiff makes reference to an alleged agreement with Field Nation LLC, Complaint ¶¶ 30–32, 37, nowhere does the Complaint suggest that Plaintiff had a contract with NSC.

Instead, Plaintiff vaguely alleges that collectively Defendants had a "legal responsibility" and a "legal obligation" to reinstate his work status, to treat him with respect and professionalism, to treat him with good faith, to deal with him fairly, and to avoid the appearance of impropriety. *Id.* at ¶¶ 40–43.  Plaintiff does not allege the source of these "legal responsibilities" or "legal obligations."

Plaintiff's failure to allege a contract specifically with NSC and his failure to identify the source of NSC's legal responsibilities and obligations is fatal to his breach of contract claim as against NSC.  Plaintiff's claim fails to satisfy even the notice pleading standards of Rule 1-008 and must therefore be dismissed.

## IV.     Plaintiff's Claim for Breach of Good Faith and Fair Dealing Should be Dismissed, Because Plaintiff Fails to Identify the Contract or NSC's Alleged Breach.

"[T]he implied covenant of good faith and fair dealing depends upon the existence of an underlying contractual relationship."  *Azar v. Prudential Ins. Co. of Am.*, 2003-NMCA-062, ¶ 53, 133 N.M. 669, 68 P.3d 909.  It "protects the reasonable expectations of the parties to a contract arising from its terms."  *Sanders v. FedEx Ground Package Sys.*, 2008-NMSC-040, ¶ 1, 144 N.M. 449, 188 P.3d 1200.

Without an identifiable contract or contractual relationship, NSC owes no duty to Plaintiff, express or implied.  Plaintiff's failure to identify a contract with NSC or the terms of a contract

with NSC is fatal to any claim for breach of good faith and fair dealing in the performance of a contract.[1]  Plaintiff's claim for breach of the duty of good faith and fair dealing against NSC must be dismissed.

**V.      Plaintiff Failed to Identify a Negligent and/or Intentional Misrepresentation That NSC Made to Plaintiff.**

In New Mexico, to prevail under a theory of misrepresentation, a plaintiff must show that (1) defendant made a material misrepresentation of fact to plaintiff, (2) plaintiff relied upon such representation, (3) defendant knew the representation was false at the time it was made or made it recklessly, and (4) defendant intended to induce plaintiff to rely on such representation.  *Parker v. E.I. Du Pont de Nemours & Co.*, 1995-NMCA-086, ¶ 44, 121 N.M. 120, 909 P.2d 1.  Plaintiff does not allege conduct on the part of NSC that satisfies the elements of negligent or intentional misrepresentation.  Plaintiff's allegations that Defendants collectively made misrepresentations to third parties and to each other are insufficient to state a claim against NSC.  Complaint ¶¶ 40–41.  Misrepresentations of fact to parties other than Plaintiff do not provide Plaintiff with a claim.

Plaintiff does not identify any intentionally false or reckless statements made by NSC to Plaintiff.  Lacking such an allegation, Plaintiff has failed to sufficiently plead the necessary elements of negligent and intentional misrepresentation as to NSC, and Plaintiff's claims for negligent and/or intentional misrepresentation must be dismissed for failure to state a claim pursuant to Rule 1-008 and Rule 1-012(B)(6).

**VI.     Plaintiff Lacks Standing to Assert an Unfair Trade Practices Claim and Fails to Plead the Elements of the Claim.**

---

[11] By Plaintiff's own admission, the Jack in the Box restaurant that is the subject of the Complaint was denied service because it did not "pay on-time."  *See* Complaint ¶¶ 19, 26, 30.  Plaintiff fails to allege how the termination of a third-party customer relationship for non-payment could constitute a violation of good faith and fair dealing on behalf of NSC.

In New Mexico, claims for unfair trade practices are governed by the Unfair Trade Practices Act, NMSA 1978, §§ 57-12-1 to -26 (the "UPA").  Courts have interpreted the statute to have three essential elements:  "(1) the defendant made an oral or written statement, a visual description or a representation of any kind that was either false or misleading; (2) the false or misleading representation was knowingly made in connection with the sale, lease, rental, or loan of goods or services in the regular course of the defendant's business; and (3) the representation was of the type that may, tends to, or does deceive or mislead any person." *Hicks v. Eller*, 2012-NMCA-061, ¶ 18, 280 P.3d 304.  "Consistent with its purpose as consumer protection legislation, the UPA gives standing only to buyers of goods and services." *Id.* at ¶ 20.  Plaintiff failed to allege that he was a buyer of any goods or services offered by Defendant NSC or that NSC made a knowingly false or misleading statement in connection with his acquisition of goods or services. Therefore, Plaintiff does not have standing for a claim of unfair trade practices against NSC.

In sum, Plaintiff lacks standing to bring a claim under the UPA against NSC and fails to allege facts that support the elements of the claim.  Plaintiff's UPA claim against NSC must be dismissed.

## VII.   Conclusion

For the foregoing reasons, Plaintiff's claims fail to satisfy the minimal standards required for complaints and therefore, this Court should dismiss the Complaint on all counts.  If the Court does not dismiss the claims, it should, nevertheless, order Plaintiff to provide a more definite statement.

SUTIN, THAYER & BROWNE
A Professional Corporation

By: */s/ Andrew J. Simons*
    Andrew J. Simons
    Alex G. Elborn
*Attorneys for Defendant NewBold Corporation,*
*on behalf of its division, National Service Center*
P.O. Box 1945
Albuquerque, New Mexico 87103
(505) 883-2500
ajs@sutinfirm.com
age@sutinfirm.com

I hereby certify that a true and correct
copy of the foregoing Entry of Appearance
was served, via first class mail and email,
on December 14, 2022 to:

Howard DeLaCruz-Bancroft
P.O. Box 1985
Albuquerque, NM 87192
comvetrix@gmail.com

By: __*/s/ Alex G. Elborn*__
    Alex G. Elborn

**FILED**
**2ND JUDICIAL DISTRICT COURT**
**Bernalillo County**
**12/20/2022 11:18 AM**
**CLERK OF THE COURT**
**Dawna Jarvis**

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**HOWARD DELACRUZ-BANCROFT,**

      **Plaintiff,**

**vs.**                  **No.:  D-202-CV-2022-06858**

**FIELD NATION LLC, SPARTAN**
**COMPUTER SERVICES / NATIONAL**
**SERVICE CENTER AKA SCS/NSC, and**
**JACK IN THE BOX INC.**

      **Defendants.**

**JACK IN THE BOX INC.'S MOTION TO DISMISS FOR LACK OF**
**PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM**

Defendant Jack in the Box Inc., by and through counsel, Gordon Rees Scully Mansukhani, LLP, hereby moves to dismiss Plaintiff's Complaint pursuant to Rules 1-012(B)(2) and (B)(6) NMRA.  In support hereof, Jack in the Box Inc. states as follows:

**I.**    **Summary of the factual allegations in Plaintiff's complaint.**

Plaintiff alleges that in November 2018 a Jack in the Box franchisee, Dancel, LLC, contacted him for IT services after one of its store's systems went down and neither Spartan Computer Services / National Service Center AKA SCS/NSC ("Spartan") nor Jack in the Box Inc. provided adequate support.  [*Complaint* ¶¶ 7, 9, 12-16] As further alleged, prior to November 2018, Dancel, LLC's maintenance service agreement lapsed for nonpayment.[1]  [*Complaint* ¶ 19] Plaintiff alleges that when he contacted Spartan at Dancel, LLC's request, Spartan "jerked him

---

[1] It is unclear from the Complaint which Defendant had contracted with Dancel, LLC, for this "maintenance service agreement." There is no allegation of a contract between any Defendant and Plaintiff.

1

around," requiring him to make multiple attempts to contact Spartan.  [*Complaint* ¶¶ 17-18, 23-25]  Spartan and Jack in the Box Inc. then allegedly informed Field Nation, LLC, a work platform, that Plaintiff had violated Field Nation's agreement prohibiting users like Plaintiff from directly performing off-platform work for its clients.  [*Complaint* ¶ 26]  Plaintiff now files the instant lawsuit, alleging breach of contract, breach of the covenant of good faith and fair dealing, negligent or intentional misrepresentation, and unfair trade practices against multiple entities, including Jack in the Box.  Plaintiff's claims against Jack in the Box Inc. should be dismissed because this Court lacks personal jurisdiction over Jack in the Box Inc. and Plaintiff's Complaint other fails to state a claim against it.

## II.   This Court's lack of personal jurisdiction over Jack in the Box Inc. requires dismissal of Plaintiff's claims pursuant to Rule 1-012(B)(2).

New Mexico courts can only exercise personal jurisdiction over a non-resident defendant to the extent permitted by New Mexico's long-arm statute. *See Sproul v. Rob & Charles, Inc.*, 2013-NMCA-072, at *8, 304 P.2d 18.  There are two types of personal jurisdiction that a court may exercise: general personal jurisdiction and specific personal jurisdiction. General jurisdiction exists when a corporation is "at home" in the state, which is generally where it is incorporated or has its principal place of business.  *See Goodyear Dunlop Tires Op. SA v. Brown*, 131 S. Ct. 2846, 2853-54 (2011).  Jack in the Box Inc. is organized under the laws of the State of Delaware and has its principal place of business in the State of California. Jack in the Box Inc.'s franchise agreements and many of its other contracts require suit to be filed in San Diego, CA.

The jurisdictional test for specific jurisdiction, on the other hand, is dependent on the defendant having minimum contacts with the forum state. *See Alto Eldorado P'ship v. Amerp Corp.*, 2005-NMCA-131, at *28 138 N.M. 607, 124 P.3d 585.  Minimum contacts may be found where a company purposely avails itself of the privilege of doing business in New Mexico through

2

its own actions. It is axiomatic that minimum contacts may not be established where its contacts are random, fortuitous, or attenuated, or via the unilateral activity of another party or third person. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 472, 474-75 (1985). Even if a court finds minimum contacts with the forum state, it must still determine whether the exercise of specific personal jurisdiction *based on those contacts* is consistent with traditional notions of fair play and substantial justice. *See Weisler*, 2012 U.S. Dist. LEXIS 139924, at *47; *see also Zavala*, 2007-NMCA-149. When exercising specific personal jurisdiction, a Court only has jurisdiction over alleged injuries arising out of or relating to the in-state activities. *Weisler v. Cmty. Health Sys.*, No. 12-0079-MV/CG, 2012 U.S. Dist. LEXIS 139924, at *12. Plaintiff has not, and cannot, demonstrate a sufficient basis for this Court to exercise of personal jurisdiction over Jack in the Box Inc.

Here, there is no basis for exercise of general personal jurisdiction. Second, even if the Court examined Plaintiff's factual allegations against Jack in the Box Inc. for evidence supporting specific personal jurisdiction, the allegations are insufficient to prove the requisite minimum contacts with New Mexico. For instance, Plaintiff is not a Jack in the Box Inc. franchisee, nor would that be a sufficient basis for personal jurisdiction. *See Campos Enters., Inc. v. Edwin K. Williams & Co.*, 1998-NMCA-131, ¶ 18 (franchisor-franchisee relationship alone is an insufficient basis for the exercise of personal jurisdiction).

Rather, Plaintiff's sole allegation as to Jack in the Box Inc. is that Jack in the Box Inc. "conspired [with Spartan] to get him banned from the Field Network platform." [*Complaint* ¶¶ 28-29] Even if Plaintiff was able to prove that allegation, there is no attendant allegation that the alleged conspiracy occurred in New Mexico, was performed by any New Mexico business, or that Jack in the Box Inc. was conducting business in New Mexico in any fashion as it relates to

3

Plaintiff's claims and alleged injuries.  In short, there is no allegation that Jack in the Box Inc. had minimum contacts with New Mexico.  *See Alto Eldorado P'ship v. Amerp Corp.*, 2005-NMCA-131, at *28.

To the extent Jack in the Box had contacts with New Mexico, those contacts were with its franchisee and do not form the basis for Plaintiff's complaint against Jack in the Box Inc. or give rise to his alleged injuries. *See Campos Enters. Inc.*, 1998-NMCA-131, ¶ 15 (Defendant franchisor's contacts with the forum state must be directly connected to the cause of action for purposes of the long-arm statute), *citing with approval Oddi v. Mariner-Denver, Inc.*, 461 F. Supp. 306, 310 (S.D. Ind. 1978) ("existence of franchises was only connection between franchisor and forum and was insufficient to support jurisdiction.").  Moreover, exercising jurisdiction over Jack in the Box Inc. based upon the operations of its franchisee in a suit unrelated to the franchise agreement would be inconsistent with traditional notions of fair play and substantial justice. *See Weisler*, 2012 U.S. Dist. LEXIS 139924, at *47; *see also Zavala*, 2007-NMCA-149.  Jack in the Box lacks minimum contacts with New Mexico sufficient for this Court's exercise of personal jurisdiction and Plaintiff's claims against it should be dismissed.  *See Campos Enters., Inc.*, 1998-NMCA-131.

### III.   Plaintiff has failed to state any claim against Jack in the Box Inc. for which relief might be granted, requiring dismissal pursuant to Rule 1-012(B)(6).

Plaintiff alleges four claims:  (1) breach of contract; (2) breach of the duty of good faith and fair dealing; (3) negligent and/or intentional misrepresentation; and (4) unfair trade practices. "A Rule 1-012(B)(6) motion to dismiss tests the legal sufficiency of the complaint, not the factual allegations of the pleadings which, for the purposes of ruling on the motion, the court must accept as true." *Healthsource, Inc. v. X-Ray Assocs. of N.M.*, 2005-NMCA-097, ¶ 16.  Plaintiff's allegations, even accepted as true for purpose of his motion, are insufficient to state a claim for

4

relief and all his claims against Jack in the Box Inc. should be dismissed.

**A. Plaintiff has failed to sufficiently plead a breach of contract claim against Jack in the Box Inc.**

First, Plaintiff does not allege he had a contract with Jack in the Box Inc. He did not. Rather, Plaintiff vaguely alleges that "Defendants did not fulfil their obligations under agreement with Plaintiff." [*Complaint* ¶ 36]  While this statement alone implies Plaintiff had some type of agreement with the named defendants, his subsequent allegations make it clear that the "obligations" to which Plaintiff relies upon are unrelated to any contractual relationship between Plaintiff and Jack in the Box Inc.  Rather, Plaintiff states that defendants' collective obligations included:

- (1) "responding to the Plaintiff's explanations and claims for justification for having done work separately from the Field Nation work portal";
- (2) "to consider, respond and reinstate Plaintiff to regular work status";
- (3) "to treat the Plaintiff with respect, professionalism and to take into consideration he many years of [his service] and his ongoing working relations with the Dancel franchise";
- (4) "to avoid not only any appearance of impropriety but understand" that depriving Plaintiff of his "financial dealings" with them "was tantamount to conspiracy and collusion." [*Complaint* ¶¶ 37-40]

Plaintiff's allegations are insufficient to establish that Jack in the Box Inc. had a contract with Plaintiff or that it breached any provision thereof.

First, Plaintiff was required to serve a copy of the alleged contract upon which he brings his claims.  Pursuant to Rule 1-009(I) NMRA, "When any instrument of writing on which the action or defense is found is referred to in the pleadings, the original or a copy of the instrument *shall* be served with the pleading, if within the power or control of the party wishing to use the same."  (Emphasis added).  Second, the Complaint's vague allegations are deficient to establish the elements of a contractual agreement between Jack in the Box and Plaintiff.  *See Trujillo v. Glen Falls Inc. Co.*, 1975-NMSC-046, ¶¶ 6-7 (contracts require "a meeting of the minds of the parties,

and mutuality, . . .and in order for the contract to be valid the agreement must ordinarily be expressed plainly and explicitly enough to show what the parties agreed upon. . .This mutuality requirement must be found in the objective manifestations of the parties. . .Also, the controlling intention of the parties is the mutually expressed assent and not the secret intent of a party." (internal quotation marks and citations omitted)).  Put simply, Plaintiff has failed to allege that he and Jack in the Box Inc. mutually agreed, for consideration, that Jack in the Box Inc. would: (1) listen to and respond to Plaintiff in a particular way; (2) reinstate Plaintiff to regular work status; (3) treat Plaintiff a certain way; and (4) not act in concert with other companies in ways harmful to Plaintiff.

Where a party fails to sufficiently plead even the existence of a contract with another party, "there can be no breach and no breach of contract cause of action."  *See Healthsource, Inc.*, 2005-NMCA-097, ¶¶ 19-20 ("the district court did not err when it dismissed Plaintiff's breach of contract claim because we do not find a contract, and even if there was a contract, Plaintiff was not a party to the contract.").  The Complaint nowhere indicates that Plaintiff had a contract of any nature with Jack in the Box Inc.  Rather, it appears from the Complaint that Plaintiff's relationship, contractual or otherwise, was either with the work platform or the New Mexico franchisee Dancel, LLC – not Jack in the Box Inc.   Therefore, Plaintiffs' breach of contract claim fails as a matter of law.

### B.  Plaintiff has failed to sufficiently plead a claim for breach of the duty of good faith and fair dealing against Jack in the Box.

Because Plaintiff has failed to demonstrate he had a contract with Jack in the Box, his claim for breach of common law duties imposed upon a contractual relationship similarly fail.  The covenant of good faith and fair dealing is attendant to *the performance and enforcement of a contract. See Henning v. Rounds*, 2007-NMCA-129, ¶ 24.  "[T]he covenant prevents a party from

6

acting in bad faith to frustrate the contract's *actual* benefits." *Id.* at ¶ 26. Where, as here, Plaintiff has failed to sufficiently plead the existence of a contract with Jack in the Box Inc., his claims for breach of common law contractual duties also necessarily fail.

### C.   Plaintiff's claims for negligent or intentional misrepresentation are untimely and insufficiently pled.

Plaintiff makes the generic and conclusory allegation that Defendants "made false and misleading representations of fact about the Plaintiff" to each other and each other's agents.  [*See* Complaint ¶¶ 40-42]  Because this claim is time-barred and these allegations insufficient, this claim must be dismissed pursuant to Rule 1-012(B)(6).  *See also Apodaca v. Unknown Heirs of Tome Land Grant*, 1982-NMSC-100 (statute of limitations may be raised in a motion to dismiss where the face of the complaint makes it apparent the action is time barred).  Here, the representations are alleged to have occurred on or before November 14, 2018.  [*Complaint* ¶ 30] The statute of limitations for negligence claims, however, is three (3) years.  *See* NMSA 1978, § 37-1-8.  Plaintiff's negligence claim is, therefore, untimely.

Plaintiff's allegations are also insufficient to satisfy even basic notice pleading requirements and fail to state any cognizable claim for relief.

> Specifically, to recover under the claim of negligent misrepresentation plaintiffs must show (1) that defendants made a material misrepresentation of fact to plaintiffs, (2) that plaintiffs relied upon such representation, (3) that defendants knew the representation was false at the time it was made or made it recklessly, and (4) that defendants intended to induce plaintiffs to rely on such representation.

*Saylor v. Valles*, 2003-NMCA-037, ¶ 17.  Here, Plaintiff failed to identify what fact Jack in the Box Inc. allegedly misrepresented, let alone satisfy the materiality requirement of a negligent misrepresentation claim.

Further, Plaintiff alleges the purported misrepresentations were made by Defendants *to each other*.  Plaintiff does not allege that Jack in the Box Inc. made a representation to him, that

he relied upon it, that it knew such representations were false or were made recklessly, and that Jack in the Box Inc. intended for Plaintiff to rely upon its statements. *See id.* Where, as here, the basic elements of this tort are insufficiently pled, a negligent representation claim should be dismissed. *See id.* at ¶ 18.

### D. Plaintiff has failed to state a claim under the New Mexico Unfair Practices Act.

Citing NMSA 1978, §§ 57-12-2 and -3, Plaintiff asserts a claim under New Mexico's Unfair Practices Act (the "UPA"). [*Complaint* ¶ 50] Rather than alleging any element of a UPA claim, Plaintiff regurgitates his allegation of "false statements" upon which he claims to have relied. To the extent Plaintiff alleges fraud, it is insufficiently pled pursuant to Rule 1-009(B) because it fails to identify an allegedly false statement. To the extent Plaintiff invokes the UPA for his misrepresentation claims, he has no standing to do so and his allegations generally fail to satisfy the requirements of the UPA.

The UPA is remedial legislation enacted to protect consumers. *See Vigil v. Taintor*, 2020-NMCA-037, ¶ 23. Thus, persons like Plaintiff who are *not* consumers, do not have standing to bring UPA claims. *See id.* ¶ 23 ("However, contrary to Plaintiff's assertions, *Lohman* does not stand for the proposition that a UPA's scope is so broad as to encompass claimants who did not actually purchase anything."). Rather, the plaintiff must have sought or acquired goods or services and the defendant must have provided goods or services. *See Hicks v. Eller*, 2012-NMCA-061 ¶ 20. "Consistent with its purpose as consumer protection legislation, the UPA gives standing only to buyers of goods and services." *See id.*; *Vigil*, 2020-NMCA-037, ¶ 25 ("we concluded that the UPA requires that somewhere along the purchasing chain, the claimant did *purchase* as item that was at some point sold by the defendant." (internal quotation marks and citation omitted)). Accordingly, Plaintiff has no standing to prosecute, and has failed to sufficiently plead any element

of, a valid UPA claim.

Next, even *if* Plaintiff was a consumer, the alleged misrepresentation must have been made "in connection with the sale, lease, rental, or loan of good or services in the regular course of the defendant's business." *See Hicks,* 2012-NMCA-061 ¶ 18.  Plaintiff failed to allege his UPA claim against Jack in the Box Inc. is premised upon the sale, lease, rental, or loan of any good or services. Plaintiff's claims are not based on any goods or services which Plaintiff purchased as a consumer in the regular course of Jack in the Box Inc.'s business.  Lacking standing and having failed to allege the essential elements of a UPA claim, Plaintiff's UPA claim must be dismissed.

## IV.  Conclusion.

Plaintiff's claims against Jack in the Box Inc. must be dismissed pursuant to Rule 1-012(B)(2) because Plaintiff has failed to meet his burden of demonstrating minimum contacts sufficient to justify the exercise of personal jurisdiction over this defendant non-resident entity. Even if this Court had personal jurisdiction over Jack in the Box Inc., Plaintiff's claims fail on their merits. Accordingly, the Court should dismiss the same.

DATED this the 20th day of December, 2022.

Respectfully submitted,

By:  */s/ Christopher R. Jones*
Christopher R. Jones, #152060
Jaime L. Wiesenfeld, # 21825
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth St., Suite 3400
Denver, CO 80202
Telephone:  (303) 534-5160
Facsimile:  (303) 534-5161
cjones@grsm.com
jwiesenfeld@grsm.com
*Attorneys for Jack in the Box Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served through the Court's e-filing system upon counsel of record and to *pro se* Plaintiff as set forth below on this the 20th day of December, 2022.

        Howard DeLaCruz-Bancroft
        P.O. Box 1985
        Albuquerque, NM 87192
        Comvetrix@gmail.com

                        /s/ Karla Freeman

10

# EXHIBIT 2

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

HOWARD DELACRUZ-BANCROFT,

     Plaintiff,

v.                                   Case No. D-202-CV-2022-06858

FIELD NATION, LLC; SPARTAN
COMPUTER SERVICES/NATIONAL
SERVICE CENTER; AND
JACK IN THE BOX INC.,

     Defendants.

### NOTICE TO ADVERSE PARTY OF
### REMOVAL OF CIVIL ACTION TO FEDERAL COURT

**TO:**   **PLAINTIFF HOWARD DELACRUZ-BANCROFT, PRO SE**

     PLEASE TAKE NOTICE that on January 9, 2023, Defendant Field Nation, LLC filed a Notice of Removal of Civil Action in the United States District Court for the District of New Mexico.   A copy of the Notice of Removal of Civil Action was filed and is served contemporaneously herewith and attached as **Exhibit A.**

     Respectfully submitted this 9th day of January, 2023.

                                 LITTLER MENDELSON, P.C.

                                 */s/ Shawn Oller*
                                 R. Shawn Oller (NM State Bar No. 8787)
                                 soller@littler.com
                                 Camelback Esplanade
                                 2425 East Camelback Road, Suite 900
                                 Phoenix, AZ  85016
                                 Telephone:602.474.3600
                                 Facsimile: 602.957.1801

1

Jay J. Athey
JAthey@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM  87102
505.944.9693 (telephone)
505.213.0415 (facsimile)

*Attorneys for Defendant Field Nation, LLC*

I hereby certify that, on January 9, 2023, I served a copy of this document via Odyssey File & Serve on all counsel of record as follows:

Howard DeLaCruz-Bancroft, *Plaintiff Pro Se*
P.O. Box 1985
Albuquerque, NM 87192
Email: webglobix@gmail.com

*/s/ Shawn Oller*
Shawn Oller

2

# EXHIBIT 3

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

HOWARD DELACRUZ-BANCROFT,

      Plaintiff,

v.                                Case No. D-202-CV-2022-06858

FIELD NATION, LLC; SPARTAN
COMPUTER SERVICES/NATIONAL
SERVICE CENTER; AND
JACK IN THE BOX INC.,

      Defendants.

## NOTICE OF REMOVAL TO FEDERAL COURT

**TO:**  **CLERK OF THE STATE OF NEW MEXICO, COUNTY OF BERNALILLO, SECOND JUDICIAL DISTRICT**

PLEASE TAKE NOTICE that the above-captioned action, filed in the State of New Mexico, County of Bernalillo, Second Judicial District, entitled *Howard Delacruz-Bancroft v. Field Nation, LLC, Spartan Computer Services/National Service Center aka SCS/NSC, and Jack In The Box Inc.*, has been removed to the United States District Court for the District of New Mexico.

The Notice of Removal of the above-captioned action from the State of New Mexico, County of Bernalillo, Second Judicial District, to the United States District Court for the District of New Mexico, was filed on January 9, 2023, in the United States District Court for the District of New Mexico. A true and correct copy of the Notice of Removal is attached hereto as **Exhibit A**.

1

Respectfully submitted this 9th day of January, 2023.

LITTLER MENDELSON, P.C.

*/s/ Shawn Oller*
R. Shawn Oller (NM State Bar No. 8787)
soller@littler.com
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:602.474.3600
Facsimile: 602.957.1801

Jay J. Athey
JAthey@littler.com
201 Third Street NW, Suite 500
Albuquerque, NM  87102
505.944.9693 (telephone)
505.213.0415 (facsimile)

*Attorneys for Defendant Field Nation, LLC*

I hereby certify that, on January 9, 2023, I served a copy of this document via Odyssey File & Serve on all counsel of record as follows:

Howard DeLaCruz-Bancroft, *Plaintiff Pro Se*
P.O. Box 1985
Albuquerque, NM 87192
Email: webglobix@gmail.com

*/s/ Shawn Oller*
Shawn Oller

2