IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HOWARD DELACRUZ-BANCROFT,

      Plaintiff,

v.                                                                                       Civ. No. 23-23 JB/KK

FIELD NATION, LLC, *et al.*,

      Defendants.

## ORDER DENYING PLAINTIFF'S REQUEST
## FOR CLERK'S ENTRY OF DEFAULT

THIS MATTER is before the Court on Plaintiff's Request for Clerk's Entry of Default (Doc. 25), filed April 13, 2023. In his Request, Plaintiff asks the Court to enter a default against Defendants Field Nation, LLC, Spartan Computer Services/National Service Center, and Jack In The Box Inc., asserting that these Defendants were served with summonses and copies of the complaint on November 14, 2022, but failed to file responsive pleadings within thirty (30) days as required by New Mexico Rule of Civil Procedure 1-004. (*Id.* at 1-2.)

The record does not support Plaintiff's assertions. Rule 1-004 permits service on a corporation or other business entity by mail provided that, among other things, "a person authorized by appointment, by law or by this rule to accept service of process upon the defendant signs a receipt for the envelope or package containing the summons and complaint[.]" N.M. R. Civ. P. 1-004(E)(3), (G)(3). "Service by mail … shall be complete on the date the receipt is signed[.]" *Id.* "Proof of service by mail … shall be established by filing with the court a certificate of service which shall include the date of delivery by the post office … and a copy of the defendant's signature receipt." N.M. R. Civ. P. 1-004(L).

The record reflects that Plaintiff caused summonses and copies of the complaint to be mailed to Defendants Field Nation LLC, Jack In the Box Inc., and Spartan Computer Services/National Service Center on the date the summonses were issued, *i.e.*, November 14, 2022. (Doc. 1-1 at 16-24.) However, the record does not contain proofs of service that include the dates of delivery by the post office and copies of Defendants' signature receipts, nor does it otherwise reflect that persons authorized to accept service of process on Defendants' behalf signed receipts for these mailings.[1] (*Id.*) Thus, there is no indication in the record that service of process on Defendants was completed on November 14, 2022.

For these reasons, the Court DENIES Plaintiff's Request for Clerk's Entry of Default (Doc. 25).

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

---

[1] Moreover, it is clear that Defendants cannot have received the mailings on November 14, 2022, because the summonses were not issued until November 14, 2022. (Doc. 1-1 at 16-24.)