# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

HOWARD DELACRUZ-BANCROFT,

      Plaintiff,

vs.                                     Civ. No. 23-23 JB/KK

FIELD NATION, LLC, *et al.*,

      Defendants.

## **ORDER TO SHOW CAUSE**

THIS MATTER is before the Court *sua sponte* following a review of the record.

*Pro se* Plaintiff Howard DeLaCruz-Bancroft filed this lawsuit in state court on November 14, 2022. (Doc. 1-1 at 3.) On December 14, 2022, Defendant NewBold Corporation ("NewBold") filed a Motion to Dismiss the Complaint ("NewBold's Motion to Dismiss"). (Doc. 1-1 at 25-30.) Likewise, on December 20, 2022, Defendant Jack In The Box, Inc. ("JITB") filed a Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim ("JITB's Motion to Dismiss"). (Doc. 1-1 at 31-40.)

On January 9, 2023, Defendant Field Nation, LLC, removed the case to this Court, and also caused notice of the removal to be served on Plaintiff. (Doc. 1; Doc. 1-2 at 1, 3.) Defendant Field Nation filed a Motion to Compel Arbitration and to Dismiss Plaintiff's Complaint ("Motion to Compel Arbitration") on March 24, 2023. (Doc. 23.)

On April 11, 2023, Plaintiff filed a Request for Clerk to Update Federal Docketing Statement with Pleadings from State District Court to Include Plaintiff's Response to Defendant Spartan Computer Services/National Service Center SCS/NSC AKA New Bold's Motion to Dismiss ("Request"). (Doc. 24.) In his Request, Plaintiff asked that the Clerk "update the federal

docketing statement with pleadings from the state district court in this instant case to include Plaintiff's response to Defendant SCS/NSC Spartan Computer Services, National Service Center aka New Bold's Motion to Dismiss as part of the federal court record." (*Id.* at 2.) The Court denied Plaintiff's Request because in general, "documents filed in state court after removal are legal nullities" and "have no bearing on any part of the removed action." *Alexander v. Kirkpatrick*, Civ. No. 19-509 JB/SMV, 2019 WL 4164882, at *2 (D.N.M. Sept. 3, 2019), *report and recommendation adopted*, 426 F. Supp. 3d 1005 (D.N.M. 2019).

On April 27, 2023, NewBold and JITB filed Notices of Completion of Briefing indicating that Plaintiff had not filed a response to NewBold's Motion to Dismiss or JITB's Motion to Dismiss, either in state court before removal or in this Court afterward. (Doc. 27 at 1-2; Doc. 30 at 1.) On the same date, Field Nation filed a reply in support of its Motion to Compel Arbitration indicating that Plaintiff had neither responded to the motion nor sought an extension of time in which to do so. (Doc. 28 at 1-2.) This Court's docket likewise reflects that, to date, Plaintiff has not filed a response to NewBold's Motion to Dismiss or JITB's Motion to Dismiss in state court before removal or in this Court afterward. Nor has Plaintiff filed a response to Field Nation's Motion to Compel Arbitration.

This Court's Local Civil Rules provide that a response to a motion must be filed within fourteen days after service of the motion. D.N.M.LR-Civ. 7.4(a). These rules also provide that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). It is incumbent on *pro se* litigants to follow local procedural rules. *Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980).

Because Plaintiff has failed to timely respond to Defendants' motions in compliance with Local Rule 7.4(a) and has consented to the granting of these motions under Local Rule 7.1(b), he will be required to show cause why this action should not be dismissed.

IT IS THEREFORE ORDERED that, no later than **Friday, February 2, 2024**, Plaintiff must file a written response to this Order in which he shall show cause why the Court should not: (1) dismiss his claims against NewBold and JITB because he has consented to the granting of NewBold's Motion to Dismiss (Doc. 1-1 at 25-30) and JITB's Motion to Dismiss (Doc. 1-1 at 31-40) by failing to timely respond to these motions; and, (2) compel the arbitration of and dismiss his claims against Field Nation because he has consented to the granting of this relief by failing to timely respond to Field Nation's Motion to Compel Arbitration (Doc. 23).

Plaintiff is hereby advised that if he fails to timely respond to this Order as directed, the Court may dismiss his claims against NewBold and JITB, and compel the arbitration of and dismiss his claims against Field Nation, without further notice.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE