## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

HOWARD DELACRUZ-BANCROFT,

     Plaintiff,

v.                                                                    Civ. No. 23-23 JB/KK

FIELD NATION, LLC, *et al.*,

     Defendants.

### <u>ORDER GRANTING EXTENSION OF TIME TO RESPOND TO MOTIONS AND QUASHING ORDER TO SHOW CAUSE</u>

Before the Court is Plaintiff Howard DeLaCruz-Bancroft's Response to Order to Show Cause and Request for Additional Time to Respond to Defendant[s'] Motions to Dismiss and Motion to Compel Arbitration (Doc. 33) ("Request"), filed February 5, 2024. Having considered the parties' submissions, the record, and the relevant law, the Court will grant Plaintiff a limited extension of time to respond to Defendants' motions and will quash its Order to Show Cause (Doc. 32).

In his Request, Plaintiff asserts that he "misunderstood" that he had not properly responded to the motions discussed in the Court's Order to Show Cause, which are:

- Defendant NewBold Corporation's Motion to Dismiss the Complaint (Doc. 1-1 at 25-30) ("NewBold's Motion to Dismiss"), filed in state court on December 14, 2022;

- Defendant Jack In The Box, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim (Doc. 1-1 at 31-40) ("JITB's Motion to Dismiss"), filed in state court on December 20, 2022; and,

- Defendant Field Nation, LLC's Motion to Compel Arbitration and to Dismiss Plaintiff's Complaint (Doc. 23) ("Motion to Compel Arbitration"), filed in this Court on March 24, 2023.

(Doc. 32; Doc. 33 at 1.)

To explain the misunderstanding on which he relies, Plaintiff describes circumstances surrounding Field Nation's removal of this case from state to federal court, (Doc. 1), which he claims caused him to be confused about where he was supposed to file his responses to NewBold's Motion to Dismiss and JITB's Motion to Dismiss, and whether he needed to respond to Field Nation's Motion to Compel Arbitration. (*See generally* Doc. 33.) He also points out that he did file a response to NewBold's Motion to Dismiss, though in state court after the case had already been removed. (*Id.* at 2.) As such, and because of his current work obligations, he asks for additional time to file his responses to Defendants' motions in this Court. (*Id.* at 3.) Specifically, he requests "an additional 15 days and/or after … February 16, 2024 to … file responses to Defendant[s'] motion[s]."[1] (*Id.*)

Plaintiff's explanations, if given by a party represented by an attorney, would likely not excuse his failure to timely respond to Defendants' motions in the correct forum. However, Plaintiff is an unrepresented party, and the Court construes the filings of such parties "liberally" and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Also, one of the sources of Plaintiff's confusion was Field Nation's removal of this case from the forum that Plaintiff chose. (Doc. 1.) Furthermore, Defendants' motions, if granted, would dispose of Plaintiff's claims, and there is a "strong preference for the disposition of litigation on the merits." *Gulley v. Orr*, 905 F.2d 1383, 1386 (10th

---

[1] Plaintiff also requests an extension of time to "respond to the [Court's] Order to Show Cause." (Doc. 33 at 3.) However, the Court does not require another response to its Order to Show Cause.

Cir. 1990). For these reasons, the Court will grant Plaintiff a brief extension of time to respond to the motions.

To ensure that Plaintiff does not suffer from any lingering confusion, the Court hereby advises him that it will ***not*** consider any pleadings filed in state court after removal when it rules on Defendants' motions. Rather, Plaintiff must file his responses to the motions ***in this Court*** if he wants the Court to consider them.

The Court also advises Plaintiff that it will ***not*** grant any additional extensions of time for him to respond to Defendants' motions. Rather, he must file his responses to the motions by the deadline set forth below—that is, by Friday, February 16, 2024—if he wants the Court to consider them. The Court will strike any responses filed after that date.

Finally, the Court advises Plaintiff that every pleading he files in this Court must comply with the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of New Mexico, and that, although the Court will construe his pleadings liberally, it will not act as his advocate. *Hall*, 935 F.2d at 1110.

IT IS THEREFORE ORDERED as follows:

1. Plaintiff must file his responses to NewBold's Motion to Dismiss (Doc. 1-1 at 25-30), JITB's Motion to Dismiss (Doc. 1-1 at 31-40), and Field Nation's Motion to Compel Arbitration (Doc. 23), no later than **Friday, February 16, 2024**; and,

2. The Court's Order to Show Cause (Doc. 32), filed January 19, 2024, is QUASHED.

IT IS SO ORDERED.

KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE