**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

HOWARD DELACRUZ-BANCROFT,

      Plaintiff,

vs.                                                                     No. CIV 23-0023 JB/KK

FIELD NATION, LLC; SPARTAN
COMPUTER SERVICES/NATIONAL
SERVICE CENTER, a.k.a. SCS/NSC; JACK IN
THE BOX INC. and NEWBOLD
CORPORATION, on behalf of its division
National Service Center,

      Defendants.

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed July 25, 2024 (Doc. 55)("PFRD"). In the PFRD, the Honorable Kirtan Khalsa, United States Magistrate Judge for the United States District Court for the District of New Mexico, recommends that the Court grant: (i) Defendant Jack in the Box, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim, filed January 9, 2023 (Doc. 1-1)("JITB Motion to Dismiss"); and (ii) NewBold Corporation's Motion to Dismiss the Complaint against the National Service Center, filed January 9, 2023 (Doc. 1-1)("NSC Motion to Dismiss").[1] The PFRD notifies the parties of their ability to file objections within fourteen days and that the failure to file objections waives appellate review. See PFRD at 29. The parties had until August 8, 2024, to file any objections to the PFRD. See PFRD at 29. The parties have not filed any objections.

---

[1] The NSC is a division of NewBold Corporation. See NSC Motion to Dismiss at 25.

For the reasons outlined below, the Court will adopt the PFRD and will grant both the NSC Motion to Dismiss and the JITB Motion to Dismiss.

## LAW REGARDING OBJECTIONS TO THE PFRD

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement."). Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the Magistrate Judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Prop., with Bldgs, Appurtenances, Improvements, & Contents, Known as: 2121 East 30th Street, Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit has

noted, "the filing of objections advances the interests that underlie the Magistrate's Act[, 28 U.S.C. §§ 631-39], including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." One Parcel, 73 F.3d at 1060. In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit has stated that "the district court correctly held that [a plaintiff] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007).[2]

---

[2]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on a Tenth Circuit unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . [a]nd we have generally determined that citation to unpublished opinions is not favored. However,

The Tenth Circuit has also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate [judge']s order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")). In One Parcel, the Tenth Circuit notes that the district judge decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because such actions would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980)("Raddatz").  The Tenth Circuit has stated that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995).  The Supreme Court of the United States has noted that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on the Magistrate Judge's PFRD.

---

if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

See Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")(quoting 28 U.S.C. § 636(b)(1)).  See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may *accept*, reject, or modify, *in whole or in part*, the findings or recommendations made by the magistrate.'" (quoting 28 U.S.C. § 636(b)(1))(emphasis in Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla.)).

Where no party objects to the Magistrate Judge's PFRD, the Court has, as a matter of course in the past and in the interests of justice, reviewed the Magistrate Judge's recommendations. In Workheiser v. City of Clovis, No. CIV 12-0485, 2012 WL 6846401 (D.N.M. December 28, 2012)(Browning, J.), where the plaintiff failed to respond to the Magistrate Judge's PFRD, although the Court determined that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings in the [PFRD]," the Court nevertheless conducted such a review.  2012 WL 6846401, at *3.  The Court generally does not review, however, the Magistrate Judge's PFRD de novo and determine independently necessarily what it would do if the issues had come before the Court first, but rather adopts the PFRD where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, [obviously[3]] contrary to law, or an abuse of discretion."  Workheiser v. City of Clovis, 2012 WL 6846401, at *3.

---

[3]The Court previously used as the standard for review when a party does not object to the Magistrate Judge's PFRD whether the recommendation was "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion," thus omitting "obviously" in front of contrary to law.  Solomon

This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review.  Accordingly, the Court considers this standard of review appropriate.  See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.").  The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the Magistrate Judge's PFRD.

## **ANALYSIS**

The Court has reviewed carefully the PFRD and the relevant pleadings.  The Court did not review the PFRD de novo because the parties have not objected to it, but rather reviewed Magistrate Judge Khalsa's PFRD to determine if it is clearly erroneous, arbitrary, obviously contrary to law, or

---

v. Holder, No. CIV 12-1039, 2013 WL 499300, at *4 (D.N.M. January 31, 2013)(Browning J.)(adopting the recommendation to which there was no objection, stating: "The Court determines that the PFRD is not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion, and accordingly adopts the recommendations therein"); O'Neill v. Jaramillo, No. CIV 11-0858, 2013 WL 499521 (D.N.M. January 31, 2013)(Browning, J.)("Having reviewed the PRFD under that standard, the Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion. The Court thus adopts Judge Wormuth's PFRD.")(citing Workheiser v. City of Clovis, 2012 WL 6846401, at *3); Galloway v. JP Morgan Chase & Co., No. CIV 12-0625, 2013 WL 503744 (D.N.M. January 31, 2013)(Browning, J.)(adopting the Magistrate Judge's recommendations upon determining that they were not "clearly contrary to law, or an abuse of discretion.").  The Court concludes that "contrary to law" does not reflect accurately the deferential standard of review which the Court intends to use when there is no objection.  Concluding that a Magistrate Judge's recommendation is contrary to law would require the Court to analyze the Magistrate Judge's application of law to the facts or the Magistrate Judge's delineation of the facts -- in other words performing a de novo review, which is required only when a party objects to the recommendations.  The Court concludes that adding "obviously" better reflects that the Court is not performing a de novo review of the Magistrate Judges' recommendations. Going forward, therefore, the Court will review, as it has done for some time now, Magistrate Judges' recommendations to which there are no objections for whether the recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

an abuse of discretion. The Court determines that the PFRD is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. Accordingly, the Court adopts the PFRD.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed July 25, 2024 (Doc. 55), is adopted; (ii) Defendant Jack in the Box, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim, filed January 9, 2023 (Doc. 1-1), is granted; (iii) Plaintiff Howard DeLaCruz-Bancroft's Breach of Contract, Breach of the Duty of Good Faith and Fair Dealing, and Negligence and/or Intentional Misrepresentation claims -- Claims 1, 2, and 3 -- against Jack in the Box are dismissed with prejudice; (iv) DeLaCruz-Bancroft's Unfair Practices Act Claim -- Claim 4 -- against Jack in the Box is dismissed without prejudice; (v) Defendant NewBold Corporation's Motion to Dismiss the Complaint against the National Service Center, filed January 9, 2023 (Doc. 1-1), is granted; (vi) DeLaCruz-Bancroft's Breach of Contract, Breach of the Duty of Good Faith and Fair Dealing, and Negligence and/or Intentional Misrepresentation claims -- Claims 1, 2, and 3 -- against National Service Center are dismissed with prejudice; and (vii) DeLaCruz-Bancroft's Unfair Practices Act Claim -- Claim 4 -- against National Service Center is dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel*:

Howard DeLaCruz-Bancroft
Albuquerque, New Mexico

    *Plaintiff pro se*

Jay J. Athey

- 8 -

Littler Mendelson
Albuquerque, New Mexico

-- and --

Robert S. Oller
Littler Mendelson
Phoenix, Arizona

*Attorneys for Defendant Field Nation, LLC*

Alexander G. Elborn
Andrew J. Simons
Sutin, Thayer & Browne
Albuquerque, New Mexico

*Attorneys for Defendant Spartan Computer Services/National Service Center*

Christopher R. Jones
Jaime L. Wiesenfeld
Gordon & Rees Scully Mansukhani, LLP
Denver, Colorado

*Attorneys for Defendant Jack in the Box Inc.*